a-11 13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RITA BAYTSAYEVA,

                         Plaintiff,

      -against-

MAKSIM SHAPIRO and SVETLANA ZIS
                         Defendant(s).

-----------------------------------------------------------X

PLAINTIFF OPPOSITION TO MOTION

Index No.: 09-CV-4874

## Preliminary Statement

1. The within memorandum of law is submitted by Plaintiff pedestrian in opposition to defendants' motion, pursuant to FRCP 56 and New York Insurance Law §5102 (d), for an order granting summary judgment in favor of defendant. Plaintiff's (pedestrian) affidavit and doctors sworn affidavits (Dr. Kuhn, Dr. Miller, Dr Neystat ) and their reports, all proof submitted in Plaintiff's opposition, and the agreement of Defendant's experts (disc herniation L1-2, severe depression, see below explanation), show that plaintiff did sustain a "serious injury" under Insurance Law §5102 consisting of :

"**Axis I Depressive disorder secondary to a traumatic brain injury and chronic physical disability, attention memory and cognitive disorder, NOS**
**Post Trumatic Stress Disorder**
Axis II Personality changes NOS
Axis III Post concussion Encephalopathy
Status post Traumatic Brain injury with a loss of consciousness
**Lumbar disc herniation and lower back pain syndrome** "

See Dr. Kuhn Affidavit attached, Exh. A, with his reports incorporated in his affidavit by reference and other medical reports attached, based upon objective tests: Conners Continuous Performance Test II 6/10/09, "significant attention deficits and impulsivity",

A. **Attention disorder**...probable frontal lobe dysfunction, report 6/24/09
"**Severe Depression** (BDI II Depression Scale)

Dr. Miller:
**Diagnostic Impression.....
Post Concussion Syndrome
Anxiety/nervousness
Head injury
R O cervical intervertebral disc injury
Sprain strain of thoracic spine
Lumbar sprain/strain
R O lumbrosacral radiculopathy
R O lumrosacral intervertebral disc injury......
Lumbar myalgia myosfascitis.....**

Affidavit of Dr. Jean Miller ...Jan. 5, 2011 which incorporate and swears to the many reports she issued to workers compensation board regarding Plaintiff detailing her serious injuries.

Dr. Neystat:
C. **Post-concussion Syndrome
Adjustment Disorder with Depression
Cervical Radiculopathy
Lumbar Radiculopathy.**

Dr. Marina Neystat, affidavit, Plaintiff treating doctor, diplomate, neurologist, psychiatrist and reports incorporated.

2. Plaintiff has not worked one day since the accident, her affidavit attached details how she has been unable to perform all her daily activities since her body was struck by defendants automobile: This qualifies hereunder NYS Insurance Law 5102 (contrary to defendant's motion, and the cases and facts cited) …..

Plaintiff has suffered: traumatic brain injury and disc herniation injuries detailed herein, these are:

> "permanent loss of a ….body system… " (Plaintiff's brain and discs/back)
> "significant limitation of use of a body function or system" (Plaintiff's brain and /disc/back) NYS Ins Law 5102 .

These injuries are the basis for her not working and not doing all material acts from the date of the accident to present: Plaintiff pedestrian's:

> "medically determined injury or impairment of a non permanent nature which prevents the injured person from substantially all the material acts which constitute such persons usual and customary daily activities for not less 90 days of the 180 days immediately following the occurrence of the injury or impairment." NYS Ins. L. 5102

Given her serious injuries that Plaintiff is entitled pursuant to NYS Insurance Law to a trial as to the issue of liability, serious injury and damages. See Plaintiff's Dr. Rubin's Aug. 4, 2009 MRI report of L1-L2 disc herniation, and L4-L5 disc herniation, detailed below, upon which which Plaintiff's doctors and Defendant's experts rely.

**Dr. Fisher Defendant expert agrees that Plaintiff suffers "disc herniation L1-L2…." contrary to p.7 of Defendant attorney Downing affidavit "Dr. Fisher found no disc herniations" see Def. Exh. H. Dr. Fisher p.2 "Accompanying at L1-L2 disc herniation".**

p.4.

Dr. Fisher Def. expert raises a causation issue as "degenerative" rather than caused by the trauma of pedestrian Plaintiff being struck by defendants auto as Plaintiff alleges. This is a jury issue rather than a summary judgment issue as Defendant expert doctor admits Plaintiffs injury.

Defendant's admit depression as an element of Plaintiffs serious injury traumatic brain injury claimed herein: **Defendant expert Dr. Block states ... Plaintiff suffers ..."there may be post traumatic depression." (p.8 Def. motion, Exh G). Defendant motion attorney affirmation p.7 "mood disturbance or depression Plaintiff complained of".**

**The admissions by Defendant experts equal objective proof of Plaintiff's injuries, and defeat Defendant's motion for summary judgment "lack of serious injury", contrary to the cases and law cited by Defendant.**

Statement of Facts

3. Plaintiff pedestrian sustained a "serious injury" as pedestrian struck by defendant's auto Jan. 4, 2008 defined in §5102(d) Insurance Law. Her injury consists of:

**"Axis I Depressive disorder secondary to a traumatic brain injury and chronic physical disability,
Attention memory and cognitive disorder, NOS
Post Traumatic Stress Disorder
Axis II Personality changes NOS
Axis III Post concussion Encephalopathy
Status post Traumatic Brain injury with a loss of consciousness
Lumbar disc herniation and lower back pain syndrome
Post-concussion Syndrome
Adjustment Disorder with Depression,
Cervical Radiculopathy**

page 5

See Dr. Kuhn affidavit attached, and his medical reports incorporated by reference in his affidavit, and as attested to in the affidavits of Dr. Miller and Dr. Neystat and their affidavits and reports, all attached.

Plaintiff has not worked 1 day since the day of the accident, her entire personal life with all activities, cooking, cleaning, enjoyment of life, etc., are not performed substantially as the statute requires, all curtailed and interfered because of her traumatic brain and disc injuries, as both Plaintiff and Defendant doctors diagnose and admit. Since the accident to date, Plaintiff receives workers compensation. She has filed for social security disability for the injuries suffered herein, that application is pending; Dr. Kuhn's statement to the U.S. Dept. of Social security is annexed.

## Background Facts Alleged By Defendant's Motion Support the Plaintiff's Serious Injuries and Opposition to that Motion

4. On Jan.4, 2008 Plaintiff was knocked unconscious, hitting her head upon the ground, after being struck by defendant's auto while she was walking next to her patient crossing the street in Brooklyn. The non-party patient (Ms. Pildish) suffered a fracture being struck by defendant's auto also, that case was settled by defendants.

Plaintiff was immediately taken to Lutheran Medical Center after the accident, see Exhibit E of Defendant's moving papers. The diagnosis was head trauma and occipital hematoma. Plaintiff asserts that is consistent with the traumatic brain injury diagnosed by Dr. Kuhn and Plaintiff's other doctors.

This meets the serious injury requirement of the NY No Fault Statute, the traumatic brain injury, disc injuries L4-L5, L1-L2, mental and physical injuries she states in her affidavit and in her doctors affidavits, and in the proof submitted herein, and that Defendant's experts admit in part, see above.

Defendant's motion alleges "Plaintiff began to feel pain in the back a month after the accident" Defendant Exhibit F, Page 88 Line 21. Plaintiff was taken to Lutheran Medical Center after the accident. See Exhibit Def. E.

Plaintiff states these facts support Plaintiff's claim of serious injuries as they are consistent with her claim of traumatic brain injury and disc injuries, L1- L2, L4-L5 and related body injuries, see her medical proofs and reports herein. .

5. The Defendant's motion states Plaintiff's first doctor, Dr. Miller, Defendant's Exhibit F, Page 87 Line 14, asked her what complaints she had approximately one week after the accident. Defendant Exhibit F, Page 87 Line 22. Plaintiff made various complaints on said first visit to Dr. Miller of pain in the back, jaw, neck and face, dizziness, and inability to wash dishes, Dr. Miller diagnosed "head trauma, ...." See Dr. Miller's affidavit submitted in opposition to Defendant's motion submitted by Plaintiff herein.

Plaintiff alleges these facts are consistent with the Plaintiff's traumatic brain injury, depression and her disc injuries; see her proof herein, Dr. Kuhn, Dr. Miller and Dr. Neystat herein and all medical records.

Page 7

Plaintiff could not recall the amount of time that she saw the therapist on King's Highway in Brooklyn. Defendant's Exhibit F, Page 92 Line 22 which is consistent with her loss of memory, mental, psychiatric, traumatic brain injury and injuries claimed herein.

Plaintiff agrees with Defendant's motion statement that "Dr. Neystat prescribed Lexapro for fibromyalgia. Lexapro is used to treat depression and anxiety, Plaintiff states that is consistent with Plaintiff's traumatic brain injury herein, proving her disabling depression from the date of accident to present, permanent and continuing.

**Defendant moving papers state medical facts that support Plaintiff's serious injury of traumatic brain syndrome and disc herniation**

"Plaintiff could not recall the amount of time that she saw the therapist on King's Highway in Brooklyn. Defendant's motion Exhibit F, Page 92 Line 22. Plaintiff claims that is consistent with her loss of memory, mental psychiatric and disc/back injuries claimed by Plaintiff herein.

6. Again, Plaintiff alleges in opposition to the Defendant motion that those medical facts are consistent with her traumatic brain injury stated by Dr. Kuhn, Dr. Miller and Dr. Neystat. Plaintiff and Defendant both agree:

Plaintiff's elderly pedestrian patient, Ms. Pildish, with whom Plaintiff was walking at the time of the accident, suffered a fractured hip when struck by Defendant's auto. Ms. Phildish was admitted to Sephardic Nursing and Rehabilitation Center for full time care nursing several months after the accident, We state this proves proving the auto impact on Plaintiff pedestrian's body

Plaintiff's injuries ended Plaintiff Baytsayeva's employment with Ms. Pildish and Omega Healthcare. Plaintiff has not worked since the accident. Plaintiff received workers' compensation following the accident, Exhibit F, Page 108, and has not worked one day since being struck on her body by Defendant's auto because of her traumatic brain and disc L1-L2, L4-L5 serious injuries stated herein.

**Contrary to Defendant's statement of facts, Plaintiff received a degree as a medical assistant; she is not a " trained nurse" (P.3 2nd paragraph of Defendant motion facts.)**

Contrary to Defendant's motion, Plaintiff's testimony that "upon finishing the nursing program at Long Island University she intends to work in the future as a nurse" is not proof that she is not seriously injured. Plaintiff aspires and wishes to be well and work but this does not prove she is not seriously injured as Defendant claims.

7. Plaintiff attended morning and evening courses for only one full semester: her mental and physical injuries prevent her from continuing, she is damaged thereby was restricted, mental and physical ability to do her class work as a result of the alleged injuries after the accident. She has stopped attending school at all. This supports Plaintiff's claim of traumatic brain injury, inability to concentrate, and pain from her disc injuries, detailed below, and acknowledged in part by Defendant's experts Dr. Fisher and Dr. Block .

Defendant's motion alleges that "plaintiff admitted that as of March 2010 she was doing rigorous home exercises every day including leaning down and lifting her legs. Exhibit F, Page 102 Line21. This is limited physical therapy consistent with her efforts to be cured, to return to work. Plaintiff states that this does not prove she is not seriously injured. Plaintiff does have traumatic brain injury and the disc injuries alleged; these "facts" do not support Defendant's motion.

Plaintiff was formerly employed by Omega Healthcare at the time of the accident. Exhibit F, Page 111

**Contrary to Def. motion p.5 " none of plaintiff's doctors have ever stated she cannot work as a home assistant", Plaintiff's doctors have stated that she is totally disabled as a result of the accident that is why she was awarded and receives workers compensation; why she is applying for Social Security Disability**, see her doctors affidavits above and proof submitted herein in opposition to Defendant's motion, all the result of her traumatic brain injury, L1-L2, L4-L5 disc herniations and other injuries.

Defendant's expert, Jerome Block, M.D., examined the Plaintiff on or about May 4, 2010, see Exhibit G for Defendant motion, . Dr. Block found "mood disturbance or depression Plaintiff complains of "are the result of two divorces and 3 adult children whom she had to yell at on occasion"

Plaintiff claims the traumatic brain injury and mental injuries are the result of being struck by defendant's auto as a pedestrian, her loss of consciousness when her head

struck the ground. Plaintiff claims it is a jury question to decide if her illness is due to traumatic brain injury attested to by Plaintiff physician affidavits, and the disc injuries, (see reports annexed hereto) or to the preposterous claim of Defendant's expert Dr. Block that her depression is the result of "two divorces and three adult children."

8. Defendant's expert David A. Fischer, M.D, Dr. of Radiology admits Plaintiff's disc herniation L1-L2. He examined the Plaintiff's treating MRI (Dr. Rubin) of the cervical spine for Defendant, found "at L1-L2 accompanying disc herniation...disc herniation, Def. motion, Exh H, Plaintiff Exh. M, p.2), then opines that "the disc dehydration, disc space narrowing, and end plate spurring were evidence of diffuse degenerative changes throughout the cervical spine." This opinion supports Plaintiff's claim of serious L1-L2, L4-L5 disc injuries alleged herein.

Plaintiff's treating Dr. Rubin's MRI report dated Aug. 4, 2009 relied upon by both Defendant's and Plaintiff's medical experts states among other injuries:

> "L1-L2 there is a large posteriorly disc herniation....deforms the ventral sac...
> L4-L5 There is a small foraminal disc herniation at L2-L4 which mildly encroaches upon right inferior neural foramen..."

Plaintiff's treating doctor affidavits and reports, Defendant motion admits Plaintiff's injuries in part, all which were without pain or symptom (asymptomatic), she was in excellent health, working, prior to her body being struck by defendant's auto. Plaintiff claims these and all her injuries are the result of trauma: impact with the Defendant's auto and her fall down concussion, brain concussion, blackout on the ground, or after being struck by defendant's auto when her head struck the ground. Her "serious injuries" are supported by her three treating Dr. medical affidavits submitted herein, and even by the Defendant's medical expert reports submitted herein in support of the motion to dismiss.

## POINT I

9. Plaintiff Has Sustained a "Serious Injury" As Defined by New York Insurance Law 5102 (d). Under New York Law, a plaintiff who seeks recovery for pain and suffering and other non-economic loss arising from an automobile accident meets her burden of pleading and proving a "serious injury." Insurance Law §5104 (a). Section §5102 (d) of the New York State Insurance Law provides: (redacted to show the portions under which Plaintiff meets the statutory criteria)

> "Serious injury" means a personal injury which results in permanent loss of use of a body organ, member, function system; permanent consequential limitation of use of a body organ or member' significant limitation of use of a body function or system; or medically determined injury or impairment of a non-permanent nature which prevents the injured person form performing substantially all of the material act which constitute such persons usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

10. Plaintiff's affidavit, medical proof and Dr. Kuhn's, Dr. Miller's and Dr. Neystat's affidavits and reports, and all workers compensation records and SSI application and Dr. Rubin's MRI report (confirmed by Defendant's medical expert Dr. Fisher) and medical proof establish that plaintiff did sustain serious injury stated in this statute: inter alia, traumatic brain injury and disc injuries, L1-L2, L4-L5, see medical reports herein.

The <u>Licari v Elliott case 57 N.Y. 2nd 230 455 NYS 2nd 570, 441 NE 2nd 1088</u> (1982), and the other cases cited by Defendant in its motion are easily distinguishable from Plaintiff's pedestrian knockdown physical injury stated herein. The Plaintiff <u>Licari</u> was apparently a taxi driver in his auto when the accident occurred, he returned to work immediately after the accident, he had soft tissue back injuries, each contested by defendant and plaintiff, but his body was not struck by the other auto, nor did his head hit the ground with blackout/concussion. He was not a pedestrian struck in his body by an auto as the Plaintiff Baytsayeva was in this case, nor did the <u>Licari</u> Plaintiff allege a traumatic brain injury, depression, L1-L2, L4-L5 disc injuries being on workers compensation for years continuously since being struck on her body by Defendant's auto, as Plaintiff Baytsayeva alleges herein.

Pursuant to psychiatric medicine there is objective evidence of traumatic brain injury See Dr. Kuhn's report and its attachments, The disc injuries L1-L-2 that Defendant's expert acknowledge (Plaintiff's allege additional disc hernations), all serious injuries in total from the defendant's auto and contact with plaintiff pedestrian's body right side.

The disc dehydration, space narrowing, end plate, the depression, anxiety, reactive disorder, are all caused by defendant's auto, **are all attested to by the Defendant's expert Dr. Fisher, contrary to Defendant's motion attorney memo p. 7, line 15, "Dr. Fisher found no disc herniations"**. He relies upon Dr. Rubin's MRI, Plaintiff's treating physician.

He ascribes to degeneration rather than the trauma of being struck by defendant's auto as Plaintiff alleges. This is a jury issue, not a basis for summary judgment on papers.

11. New York's Courts of Appeals interpreted the meaning of this requisite "serious injury" in <u>Licari v. Elliot, 57 N.Y. 2d 230, 455 N.Y.S. 2d 570, 441 N.E. 2d 1088</u> (1982). The goal to reduce non-serious injury cases in the Courts. Plaintiff pedestrian case here is distinguishable from these "auto passenger plaintiff soft cases cited by defendant." Here <u>Plaintiff pedestrian asserts traumatic brain injury and disc injuries herein, of which Def. experts agree as to (Dr Fisher L-1-L 2 herniation, Dr. Block "severe depression", this is then objective medical testimony since bother sides agree.</u>

The traumatic brain injury and disc injury, neck, back and psychiatric injuries stated in Plaintiff's affidavit, and in her medical affidavit and workers compensation records, and SSI application are each and together significant injuries as defined in the NYS Ins. Law. 5102 statute.

page 14

Plaintiff's not working a day since the accident, her traumatic brain injury, her severe depression, her back injury (no symptoms prior to the accident) are "significant" as the statute defines: as "something more than a minor limitation of use" and the term "substantially all" has been construed to mean "that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment."

With the Defendant medical experts agreeing as to Plaintiff's disc herniation at L-1-2, and her depression, this case meet the objective serious injury threshold of Licari v. Elliott, 57 N.Y. 2d 230, 455 N.Y.S. 2d 570, 441 N.E. 2d 1088 (1982) as Plaintiff's answer herein proves.

Plaintiff's pedestrian traumatic brain injury, depression and disc injuries L-1-2 are agreed upon by Plaintiff and Defendant's experts, areserious and are distinguishable from those Defendant cites in Gaddy v. Eyler, 79 N.Y. 2d 955, 583, N.Y.S. 2d 186, 592 N.E. 2d 794 (1992). Plaintiff is entitled to have a jury trial as to all her injury claims a she meets the threshold. POINT II

## PLAINTIFF PEDESTRIAN BEING STRUCK BY DEFENDANT'S CAUSED SERIOUS INJURY TO PLAINTIFF

13. Contrary to Defendant's Memo (p.11 line 3), Plaintiff has continuous medical treatment and prescriptions as part of her being totally disabled, with traumatic brain injury and disc injuries, not working at all at her job since Jan. 4, 2008, the day of accident, her entire personal life disrupted her receiving workers compensation records, see the 2010, 2009, 2008 workers compensation records attached.

## POINT III

## PLAINTIFF DID SUSTAIN SIGNIFICANT INJURY TO THE BRAIN HEAD, NECK AND BACK, DISC INJURIES

The objective tests regarding Plaintiff's injury prove the existence of a serious injury that Plaintiff suffered as the result of being struck by defendant's auto, SEE THE MEDICAL PROOF SUBMITTED HEREIN.

Plaintiff pedestrian affidavit and her medical proof, records attached, and Defednant's Dr. Fisher and Dr Block, all Plaintiff claims, establish a causal relationship between her injuries and being struck by defendant's automobile. She was working and healthy without any depression, brain injury, back or disc injuries or symptoms prior to the accident.

This satisfies the requirement of a causal relationship between her serious injury that prevents her from working at all presently, her being totally disabled, (her application for Social Security Disability), and the subject occurrence. See Pommells v. Perez 4 N.Y. 3rd 566, 830 N.E. 2nd 278, 797 N.Y.S. 2nd 278.

14. Summary judgment should be denied to Defendant, as Plaintiff has established that the claimed injuries of traumatic brain injury, depression, disc injuries (L1-L2), all her life disruption and pain and suffering were proximately caused in the accident.

Plaintiff has come forward with sufficient evidence to overcome Defendant's motion, including Defendant's experts, by demonstrating that she sustained a serious injury, see her affidavit and all exhibits herein.

There is objective medical evidence of alleged serious injury, not simply subjective complaints, as the Plaintff and Defendant experts agree on Plaintiff's depression, and upon her L1-L2 disc hernation, osee the reports submitted herein. Toure v. Avis Rent A Car System, 98 N.Y. 2d 345. 746 N.Y.S. 2d 865, 774 N.E. 2d 1197 (2002), Haddadnia v Saville, 29 A.D. 3d 1211, 815 N.Y.S. 2d 319 (3rd Dept. 2006). Here, there is such objective evidence of serious injury.

## Conclusion

For the above reasons, Defendant's motion for summary judgment should be dismissed in its entirety.

Respectfully submitted,

Martin Druyan & Associates
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, NY 10123
212-279-5577

To: John M. Downing, Esq.
Downing & Peck, P.C.
Attorney for Defendant
17 Battery Place – Suite 709
New York, NY 10007